## W. R. CHAMBERLIN & CO. v. RYLANDER.
### No. 7136.

Circuit Court of Appeals, Ninth Circuit.

Jan. 11, 1934.

Sawyer & Cluff, of San Francisco, Cal., for appellant.

L. Chas. Gay, of San Francisco, Cal., for appellee.

Before. WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

While the Barbara C. was engaged in discharging cargo at Long Beach, Cal., Rudolph Rylander, an able-bodied seaman employed thereon, suffered personal injuries for which a decree was entered in his behalf in the lower court. W. R. Chamberlin & Co., against which decree was entered, appeals therefrom.

At the time of the accident appellee and two other seamen were moving a jitney truck loaded with sacks of peas. The weight of the load was about 1,500 or 1,600 pounds. Appellee was in front of and holding the handle of the truck for the purpose of assisting in moving it and directing its course. One of the wheels of the truck dropped into a hole in the floor of the hold, jerking the handle out of appellee's hand so that it dropped on his foot and broke the bone of the big toe on the right foot.

Appellee contends that the truck furnished by the owner of the vessel for the purpose of unloading the cargo at Long Beach was not a truck as is customarily used for that purpose. This contention is based on the fact that the handle, or tongue, of the jitney truck was not intended to be used in operating the truck by hand, but was adapted to hooking up the truck in a train of trucks to be hauled by jitney; therefore the handle was straight and heavy instead of curved and light. The handle was fastened to the truck in such a way that it was impossible to turn the truck to right or left without lowering the handle to a horizontal position, so that it was only about a foot and a half above the deck; otherwise, when the truck was turned, the handle struck the body of the truck.

The trial court found the truck furnished by the appellant, the owner of the ship, to be an unsafe implement, and that by reason of the hole in the deck of the ship was an unsafe place to work with such a truck. The appellant does not challenge this ruling, but relies solely on the defense of the assumption of risk. In advancing this defense appellant contends that, although it has been held that the common-law doctrine of assumption of risk has been modified when applied to a seaman serving on board a ship, nevertheless, in the case at bar, by reason of the relation of the owner and the seaman, the common-law doctrine is in full effect. The appellant concedes that the "general rule announced in numerous decisions is that seamen do not assume the risk of injury arising out of the use of defective or improper appliances," but states the question involved in the case at bar as follows: "While working in port upon a vessel engaged in the coastwise trade, does a seaman who has not signed articles, or agreed to remain in the service of the ship for a definite voyage or fixed period of time, and who may terminate his employment at will without incurring a penalty or forfeiture of any kind assume the risk of known and obvious dangers created by the master's negligence?" This question so stated is based on the findings of the court with relation to the contract between the seaman and the owner. Appellant's contention in its brief is that, by reason of the fact that the appellee was as free to disobey orders or leave his job as a land-

man, the common-law rule with relation to assumption of risk should be applied as in the case of such employment ashore.

The second question involved in the case we also state in the language of the appellant: "Does it appear from the evidence that Rylander knew and appreciated, or can be deemed to have known and appreciated, the risk of injury arising out of the use of a 'jitney truck'; and did he, after such actual or presumed knowledge and appreciation, continue his work without protest?"

On this branch of the case the trial court found: "That libellant prior to the time he entered said employment, May 22nd, 1932, and prior to the time of said injuries did not know what type or character of hand truck was used in the holds of said vessel; that prior to the time of said injury libellant did not know the type or character of hand trucks used in the holds of said vessel were of the type or character commonly known as jitney trucks. That the risk of injury arising out of the use of said truck was not obvious or apparent or well-known or known or appreciated by libellant prior to said injury and that said risks were not assumed by said libellant. That said injuries were not wholly or proximately caused by libellant's own negligence or disregard of his own safety in the performance of his duty as a seaman."

■■ As this finding of fact is sustained by the evidence, it is unnecessary to determine the legal question propounded by appellant with reference to the assumption of risk, for, if the fact be as stated by the trial court, there would be no assumption of risk.

The fact that the truck was not the kind customarily used, and that its tongue or handle was straight instead of crooked, and that there were difficulties in turning the truck, must have been obvious to the appellee. It was also obvious that there were irregularities in the floor. It is not altogether clear from the evidence that the appellee knew that the holes in the floor were large enough and deep enough for the wheel of the truck to drop into. The testimony shows that at the time of the injury there was considerable dust and débris on the floor which impeded the progress of the truck and caused the handle to move to the right and left, but there is no indication of a sudden jerk such as would be caused by sudden stoppage of one of the front wheels when the truck was fairly under way. The burden of proving the facts showing that the seaman assumed the risk was on the appellant, that being an affirmative defense. There is no evidence that the appellee knew

or appreciated the danger of personal injury arising from the operation of the truck under the conditions in which he was required to work. It is true that he knew that he was required to work in a stooping position in order to steer the truck; that he knew the truck handle would come in contact with the body of the truck unless he did work in a stooping position and keep the handle horizontal, but there is no evidence that he had ever been injured or known of any one else being injured by such a truck under such circumstances, or that he had ever used such a truck before, or that he was warned of the danger of using the truck. It also appears that his shipmates were equally ignorant of the danger. The rule of assumption of risk on which the appellant relies is quoted from the decision of the Supreme Court in Seaboard Air Line Ry. v. Horton, 233 U. S. 492, 34 S. Ct. 635, 640, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475, as follows:

"But risks of another sort, not naturally incident to the occupation, may arise out of the failure of the employer to exercise due care with respect to providing a safe place of work and suitable and safe appliances for the work. These the employee is not treated as assuming until he becomes aware of the defect or disrepair and of the risk arising from it, unless defect and risk alike are so obvious that an ordinarily prudent person under the circumstances would have observed and appreciated them. * * * [Citing cases.]

"When the employee does know of the defect, and appreciates the risk that is attributable to it, then if he continues in the employment without objection, or without obtaining from the employer or his representative an assurance that the defect will be remedied, the employee assumes the risk, even though it arise out of the master's breach of duty."

According to the evidence the accident occurred the first time the appellee had used such a truck as was furnished by the appellant. He had only used it for a short time and turned it a few times when the accident happened.

We think the court was correct in its findings of fact on the subject of assumption of risk. Indeed, if it were not conceded here, it might be more plausibly urged that there was no negligence in furnishing such truck than in contending that its imperfections were so obvious as to sustain a finding that the appellant had assumed the risk incident to its use, but the negligence of the owner is conceded, and we are confined in our consideration of the case to the defense of assumption of risk.

For the foregoing reasons it is unnecessary to consider the applicability of the defense of assumption of risk to a sailor who is as far emancipated from maritime law conditions and rules as the appellee was in the case at bar.

Decree affirmed.